52854. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. MURRAY et al.
53114. GRIFFIN LUMBER COMPANY et al. v. MURRAY et al.

Clark, Judge.

In these workmen's compensation appeals, we must determine the proportion of liability for death compensation among two employers — Griffin Lumber Company and Davis Lumber Company. Additionally, we must decide whether attorney fees were properly assessed under Code Ann. § 114-712 against the two employers for defending this claim "without reasonable ground."

Johnnie Bell Murray filed a claim for workmen's compensation death benefits on account of the death of her husband, Emory Murray. The deceased was employed as a cutter in a logging business operated by Ben Sawyer, Jr.

At the time of Murray's death, Sawyer's logging crew was engaged in cutting operations on a tract of land known as the "Isler tract." Griffin Lumber Company owned the stumpage on that tract. Griffin engaged Sawyer to cut and haul the tract's pine timber to Griffin's lumberyard.

When Sawyer delivered the pine timber to Griffin, workmen's compensation premiums were deducted from the sums owed Sawyer based upon the amount of pine delivered.

In addition to the pine timber on the Isler tract, Sawyer cut the tract's hardwood. Pursuant to Griffin's directions, the hardwood timber was hauled by Sawyer to Davis Lumber Company. Davis paid Sawyer the difference between the delivery price of the hardwood and the stumpage price. Workmen's compensation premiums were withheld from these payments based upon the amount of hardwood. Davis paid Griffin directly for the stumpage. It should be noted that Griffin did not withhold premiums from Sawyer for the hardwood loads which were hauled to Davis. This practice is not unusual in the logging industry where the same crew headed by an independent logger is used to cut a tract containing pulpwood, hardwood and softwood trees with the buyer of each category deducting compensation premiums according to the amount of timber delivered to the respective buyers.

The employee's death occurred when he was struck in the head by a black gum sapling. At that specific time, the deceased was not actively engaged in cutting trees; he was merely standing by while a skidder operator attempted to remove a lodged hardwood (which had been cut by Murray) from a sweet gum; it fell on the black gum sapling which struck the employee and caused his death.

In cutting the Isler tract, Sawyer's crew felled both pine and hardwood randomly. On the day of the accident, the employee had cut both pine and hardwood trees. The crew did not necessarily work in unison. While Murray cut a hardwood tree, other members of the crew may have been topping or hauling pine trees, and vice versa.

When the case was heard before the administrative law judge, the issue resolved into a contest between the two employers as to liability to the claimant. Since the Isler tract produced 70.25 per cent pine timber and 29.75 per cent hardwood timber, the administrative law judge determined that Griffin Lumber Company should pay 70.25 per cent of the compensation benefits and Davis Lumber Company should pay 29.75 per cent of the

compensation benefits.

With regard to attorney fees, the administrative law judge ruled that defendants presented an unreasonable defense to this claim. He opined that defendants should have jointly compensated the claimant and petitioned the board for a determination of their respective liabilities. Thus, he concluded that defendants should be assessed attorney fees and that defendants should pay the fees in the same proportion as the compensation benefits. The full board adopted the administrative law judge's findings and conclusions.

On appeal to the superior court, the award of the board was reversed. The court concluded that there was no reason to prorate responsibility among the defendants; that the basis for liability in a workmen's compensation case was "activity"; that Murray was engaged in hardwood activity at the time of his death; and that, therefore, Davis Lumber Company was solely liable for the compensation benefits which were to be paid to claimant. The court agreed with the board that defendants should pay attorney fees for claimant, but ruled that each employer was to pay an equal share of the fees. These appeals followed.

In case no. 52854, error is enumerated upon the superior court's decision with regard to the extent of liability and attorney fees. Case no. 53114 only assigns error upon that portion of the superior court's judgment dealing with attorney fees. *Held:*

1. At the outset, it should be noted that under Code Ann. § 114-607, Griffin and Davis are estopped from denying that Murray was an employee by virtue of the acceptance of premiums from Sawyer. *Walker v. Hill-Harmon Pulpwood Co.,* 138 Ga. App. 282 (226 SE2d 86), affd., 237 Ga. 736. Of course, Murray can only be said to have been an employee by estoppel of the Davis Lumber Company when he was engaged in the felling of hardwood trees since Davis only accepted premiums for hardwood purchases. Conversely, Murray can only be said to have been an employee by estoppel of the Griffin Lumber Company when he was engaged in the felling of pinewood trees since Griffin only accepted premiums for the delivery of pinewood trees. Thus, the key in determining

the liability of Griffin and Davis ordinarily could be found, as the superior court noted, in the "activity" in which Murray was engaged at the time of his death. See *Am. Mut. Liab. Ins. Co. v. Rozier,* 117 Ga. App. 178 (160 SE2d 236). See also *Moss v. Central of Ga. R. Co.,* 135 Ga. App. 904, 906 (219 SE2d 593).

At the time of his death, however, Murray was not clearly engaged in either hardwood or pinewood activity. Although he had earlier felled a hardwood tree, Murray was merely standing by when he was struck by the black gum sapling. Moreover, both pine and hardwood trees remained to be cut in the forest. The mere fact that the skidder operator was dislodging a hardwood tree at the time of Murray's death cannot be a controlling factor in this case since members of Sawyer's crew did not work upon a particular kind of lumber simultaneously. Accordingly, while the courts ordinarily should look to the employee's activity at the time of his death to determine the liability of an employer by estoppel, we do not think an "activity" standard is appropriate under the special circumstances of this case.

How then should we determine the liability of Griffin and Davis? Code Ann. § 114-419 states: "Whenever any employee for whose injury or death compensation is payable under this Title shall at the time of the injury be in the joint service of two or more employers subject to this Title, such employers shall contribute to the payment of such compensation in proportion to their wage liability to such employee: Provided, however, that nothing in this section shall prevent any reasonable arrangement between such employers for a different distribution as between themselves of the ultimate burden of com-pensation." Of course, this Code section is not directly applicable where, as here, there is no wage liability on the part of the "employers." But it demonstrates an intention on the part of the legislature to apportion the loss where an employee is in the joint service of two or more employers.

The administrative law judge apportioned the loss among Davis and Griffin on the basis of the relative amounts of pine and hardwood timber cut on the Isler Tract. We think this apportionment was proper. In effect,

the administrative law judge apportioned the loss in accordance with the amount of risk assumed by each employer.

The superior court erred in reversing the award of the State Board of Workmen's Compensation.

2. It was error to assess attorney fees against the defendants in this case. It cannot be said that the employers defended claimant's action "without reasonable ground." Each defendant contended, in good faith, that it was not liable for the claim. There is no statutory requirement for defendants in cases such as this to pay a claim jointly; and we decline to impose judicially any such obligation.

*Judgment reversed in both appeals. Bell, C. J., and Stolz, J., concur.*

52854, ARGUED OCTOBER 6, 1976; 53114, SUBMITTED NOVEMBER 1, 1976 — DECIDED NOVEMBER 18, 1976 — CASE NO. 52854 REHEARING DENIED DECEMBER 8, 1976 — ▮▮▮▮▮

*Burt, Burt & Rentz, Donald D. Rentz,* for appellants (case no. 52854).

*Edgar B. Wilkin, Jr.,* for appellants (case no. 53114).

*Malone & Percilla, Thomas William Malone, Divine, Wilkin, Deriso & Raulerson, Edgar B. Wilkin, Jr., Donald D. Rentz, Kelly Raulerson,* for appellees.