### 53738. GEORGIA CASUALTY & SURETY COMPANY et al. v. MOORE.

DEEN, Presiding Judge.

1. Where a policy of workmen's compensation insurance covers a wood harvesting company and its vendors, and where, as here, the amount of premium is fixed in relation to the number of logs produced, the insurer is estopped to deny liability on the basis that the injured vendor is not an employee. *Walker v. Hill-Harmon Pulpwood Co.,* 138 Ga. App. 282 (226 SE2d 86), affd. 237 Ga. 736 (229 SE2d 607); Code § 114-607. See also *Ga. Cas. &c. Co. v. Rainwater,* 132 Ga. App. 170 (207 SE2d 610).

2. Where the employee is at the time of injury in the service of two employers, each contributes to the payment of compensation proportionally to its wage liability. Code § 114-419. In *U. S. Fidelity &c. Co. v. Murray,* 140 Ga. App. 708 (231 SE2d 502) it was held that where Company A owned stumpage on a given tract and the logger cut and hauled pine from the tract to Company A and hardwood to Company B, each of whom covered his respective operations for workmen's compensation purposes, he was in the service of both employers regardless of whether he was injured by the felling of a pine or a hardwood tree, and both were required to contribute proportionately to his compensation benefits. In the present case the injured employee worked for both McCranie Wood Preserving Co., Inc. and McCranie Brothers Timber Co., cutting posts for the former and pulpwood for the latter. He might cut both from the same tract, and he might cut both in the same day or even in the same load. For the past year and a half to two years he had been engaged for these employers, his usual procedure being to cut a day's load for one company or the other depending on the terrain, and

alternating between them. He was accordingly in the service of both employers within the purview of Code § 114-419. Since the parties stipulated that McCranie Wood Preserving benefited from approximately 2/3 of his labor time and McCranie Brothers Timber from the other third, it was proper to assess liability against both employers on this proportionate basis.

3. The evidence authorizes a finding that the claimant is presently totally disabled; that he had a lengthy history of back trouble and that over the time of his employment by these companies the bending and heavy lifting involved in cutting and hauling timber for them continually exacerbated the condition until, on May 7, 1975, "my back hurt so bad I couldn't go," and he left his truck to be unloaded by others. The truck at the time contained a load of pulpwood, and the appellant contends that, this being the case, McCranie Brothers Timber should be responsible for the entire compensation on the basis that the claimant was working only for that company when the "injury," that is, at the time he exceeded his tolerable pain threshold, occurred.

It has frequently been held that where the compensable disability is itself an aggravation of a former disability resulting from accident, it represents a "new accident" within the meaning of Code § 114-305, which provides that the right to workmen's compensation is barred unless a claim is filed with the state board within one year after the accident. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129) and cits. While superficially the language may suggest a connection, in point of fact the situations are far different. Here the claimant was working alternately, day in and day out, for two lumber companies, and the combined workload produced a single anatomical injury to the back. The situation resulting in disability built up gradually and was contributed to by both the logs hauled and the pulpwood hauled. In *Blackwell* and like cases the claimant suffered a specific injury which appeared to heal and allow him to return to work; at some later period which would otherwise have been barred by the statute of limitation he was again disabled as the result of the original injury plus the aggravation of continued work.

Obviously, this might have been for the same or a different employer, as the time periods are consecutive. Here they are substantially concurrent, and the administrative law judge correctly apportioned liability between the companies.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED APRIL 7, 1977 — DECIDED APRIL 18, 1977 — REHEARING DENIED MAY 4, 1977 — 

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellants.

*Jack J. Helms, Gibson, McGee & Blount, Clarence D. Blount,* for appellee.