75203. LEVCO WOOD, INC. et al. v. HUDSON et al.
(367 SE2d 823)

BEASLEY, Judge.

We granted "employer" Levco Wood, Inc. and insurer American Mutual Liability Insurance Company discretionary appeal from the lower court's affirmance of an award of the State Board of Workers' Compensation which adopted findings of fact and conclusions of law holding Levco and American Mutual liable for payment of benefits to claimant Hudson.

Hudson owned a truck which he used in his business of procuring and selling pulpwood to dealers. Over a period of time he sold wood to both Levco and Navco Timberlands, Inc. His sales to Levco accounted for 75 percent of his income and his sales to Navco, 25 percent. In the pulpwood trade, workers' compensation coverage is provided to vendors by the deduction of a set amount of money per cord of wood from each load purchased by the lumber company. Hudson's truck was struck by a pickup truck while Hudson was turning into the Navco lumber yard to check a mechanical problem, on his way to fill his gas tank before delivering a second load of wood that day to Levco, whose yard he had passed. He had decided to get gas while waiting for traffic to clear in the Levco yard. After the accident, in which he was injured, the loaded wood which Hudson was to deliver to Levco fell at the edge of the highway in front of the Navco wood yard. Navco decided to purchase it and deducted from the sales price a premium for workers' compensation insurance. Levco had already deducted a premium for workers' compensation insurance.

The ALJ held that "normally the purchase of pulpwood with deductions of workers' compensation premiums would give rise to liability on the part of Navco. However, in this instance pulpwood purchased after the accident where claimant had initially intended to sell to another company would not give rise to liability on the part of

Navco because of the normal course of business. If it was claimant's intention to sell the wood from (sic) Levco from the beginning, and I find that this was his intention, it would make Levco liable as opposed to Navco."

1. Appellants maintain that there is no legal theory or basis for the ALJ's conclusion that an intention on the part of an independent contractor is enough to set up workers' compensation responsibility in the intended receiver of the goods or services. They argue that under the authority of *Hill-Harmon Pulpwood Co. v. Walker*, 237 Ga. 736 (229 SE2d 607) (1976), Navco should be held responsible for the payment of benefits inasmuch as it actually purchased the wood and did withhold workers' compensation premiums. They further maintain that the award was not supported by the facts of record and the ALJ's findings.

To begin with, appellants mischaracterize the ALJ's conclusion. The award did not set out a new legal theory or basis for the award as being the intention of the claimant. The ALJ's determination was that Levco was responsible because claimant was in the process of delivering wood, which it would have bought, to it at the time of the accident.

*Hill-Harmon* does not assist appellants. It held that an insurer was estopped to deny coverage on the ground that the claimant was an independent contractor rather than an employee when the insurer had issued a policy of workers' compensation insurance to cover vendors of the dealer pulpwood company. Navco's workers' compensation policy does not provide coverage for its vendors. Levco's does. See OCGA § 34-9-124 (b). Cf. *Simpkins v. Unigard Mut. Ins. Co.*, 130 Ga. App. 535 (203 SE2d 742) (1974). The circumstances of Hudson's accident coupled with his relationship with Levco and its coverage plus the lack of Navco's insurance coverage render Levco and its insurer liable.

This is not a situation in which both pulpwood companies had policies covering vendors and in which claimant had been laboring for both dealers, which would give rise to proportional responsibility for payment of benefits. See *United States Fidelity &c. Co. v. Murray*, 140 Ga. App. 708 (231 SE2d 502) (1976); *Georgia Cas. &c. Co. v. Moore*, 142 Ga. App. 191 (235 SE2d 591) (1977).

2. The subject award is supported by the evidence which sustains the ALJ's findings as adopted by the board. OCGA § 34-9-105 (a); *Spalding County Commrs. v. Tarver*, 167 Ga. App. 661, 662 (1) (307 SE2d 58) (1983). See also *Masterpiece Finishing Co. v. Callahan*, 180 Ga. App. 216, 217 (348 SE2d 586) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1988 —
REHEARING DENIED MARCH 22, 1988 —

*E. Harold Stone*, for appellants.
*John G. Shumaker*, for appellees.