48878. GEORGIA CASUALTY & SURETY COMPANY et al. v. RAINWATER.

EVANS, Judge.

This is a workmen's compensation case. J. A. Rainwater was a builder of dwelling houses, in which he used subcontractors for each and every item of construction. He employed his brother, Leon Rainwater, to install all roofing. Leon Rainwater did all the work himself. J. A. Rainwater contends he did not have any employees except casual day laborers for some specific job, and that he used subcontractors in erecting his buildings.

Georgia Casualty & Surety Co. issued a policy of workmen's compensation insurance to J. A. Rainwater, doing business as J. A. Rainwater, Builder. The policy provided that the premium to be paid would be determined by the amount of compensation paid by the insured to various classifications of operations, *including roofing.* The policy also provided for audits of the payroll of J. A. Rainwater from time to time. Georgia Casualty collected the premiums and increased same because of an

audit as to the roofing work for which Leon Rainwater was paid. Leon Rainwater was injured thereafter, on the job and applied for workmen's compensation. The insurer defended on the theory that Leon Rainwater was not an employee of J. A. Rainwater, but was an independent contractor.

The testimony before the board shows that J. A. Rainwater's insurance premium was increased and collected by the insurer because of the labor or work performance as to roofing work for which Leon Rainwater was paid (Tr. pp. 33-39).

The insurer is now estopped to contend that Leon Rainwater was not covered by the policy. Under the provisions of Code § 114-607 a policy of workmen's compensation insurance "shall always first be construed as an agreement to pay compensation."

". . . [A]n insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and an insurer who issues to an employer subject to this Title a policy of compensation insurance covering an employee or employees *ordinarily exempt from its provisions shall not plead the exemption as a defense.*" (Emphasis supplied.) *Pasler v. Maryland Cas. Co.,* 97 Ga. App. 263, 264 (103 SE2d 90).

The law further provides that compensation shall be paid "as if the employer and/or employee was subject to this title, the policy of compensation insurance *constituting a definite contract between all parties concerned.*" (Emphasis supplied.) *New Amsterdam &c. Co. v. Thompson,* 100 Ga. App. 677, 680 (112 SE2d 273).

But even if the claimant was an independent contractor, since the insurance carrier issued a policy to cover the work to be done by the claimant and others, it is bound by the contract of insurance, and cannot set up as a defense to the claim that claimant was not subject to the Act. *Liberty Mut. Ins. Co. v. Henry,* 56 Ga. App. 868 (194 SE 430). Further, in the *Henry* case, supra, at page 872, the contract was held to be a definite contract in favor of such workmen, and was binding on the insurer. This case is similar on its facts to the case sub judice, and must be followed here.

The policy of compensation insurance was issued. Leon Rainwater was covered under the policy by payment of premiums. Leon Rainwater is suing for payment of compensation under a definite contract between all parties concerned, and the insurer is estopped to question whether he is or is not an employee or independent contractor. The workmen's compensation board did not err in holding that the insurer was estopped to deny that Leon Rainwater was an employee. Whether or not he was an independent contractor or employee is a moot question, since the insurer is liable for payment of benefits under the provisions of Code Ann. § 114-406.

Code § 38-114 defines certain acts which constitute an estoppel, among which is "other admissions upon which other parties have acted, either to their own injury or the benefit of the persons making the admissions." The insurance company here collected premiums for the remuneration paid by J. A. Rainwater to Leon Rainwater in that it collected premiums based upon the compensation received by Leon Rainwater from J. A. Rainwater, Builders. This was of definite benefit to the insurer. If Leon Rainwater was not an employee, then to require J. A. Rainwater, Builder, to pay premiums based upon the compensation received by Leon Rainwater, was a definite and distinct disadvantage and injury to J. A. Rainwater, Builder. All of the elements of estoppel are present here. Estoppel is abundantly shown in this case against the insurer. The insurer is not allowed to fail to recognize the claimant as one covered under its policy, *because it has collected premiums based on his work, and has recognized him as one covered under the policy and as an employee whose pay it has audited and increased its premiums as a result of payments to this employee.*

*Judgment affirmed. Bell, C. J., Deen, Quillian, Clark, Stolz and Webb, JJ., concur. Eberhardt, P. J., and Pannell, P. J., dissent.*

ARGUED JANUARY 11, 1974 — DECIDED MAY 23, 1974 — REHEARING DENIED JUNE 19, 1974 —

*Gambrell, Russell, Killorin, Wade & Forbes, Edward*

*W. Killorin, Richard L. Stumm,* for appellants.
*George & George, William V. George,* for appellee.

PANNELL, Presiding Judge, dissenting.

Mr. Leon Rainwater filed a claim with the State Board of Workmen's Compensation seeking compensation for injury to a foot, suffered when he fell from a ladder. The deputy director of the board held that the claimant was an independent contractor and not an employee. The Full Board of the State Board of Workmen's Compensation reversed the deputy director and awarded compensation benefits, holding that the insurer, having accepted a premium and issued a compensation insurance policy covering Leon Rainwater was estopped from denying that the insured was an employee. The award was affirmed by the Superior Court of Fulton County. From that order and judgment, appellants appeal.

The sole question for resolution in this case is whether the State Board of Workmen's Compensation had jurisdiction to make the award without first finding an employer and employee relationship existed. The full board, relying on Ga. L. 1920, p. 206; 1933, pp. 184, 185 (Code § 114-607) and on decisions of this court in *New Amsterdam Casualty Co. v. Thompson,* 100 Ga. App. 677 (112 SE2d 273); and *Pasler v. Maryland Casualty Co.,* 97 Ga. App. 263 (103 SE2d 90), reached the conclusion that the appellants were "estopped from denying that Leon Rainwater was an employee" and hence, "the question as to whether or not he was in fact an employee or a sub-contractor is moot . . ." I disagree.

Neither of the above cited cases supports the board's conclusion. In the *New Amsterdam* case, supra, the evidence disclosed that at the time Mr. Thompson met his death he was and had been a salesman for an employer for some nine or ten years, operating in a territory encompassing some fourteen counties in South Carolina. He worked under a contract entered in Georgia, for an employer whose principal place of business was in Georgia, and his verbally amended contract of employment was not exclusively for services outside the State of Georgia. It was held that the board had

174

jurisdiction. Mr. Thompson, as a salesman, was an employee. Thus, under the facts of that case and under the Code Section, supra, the insurance carrier was estopped to contend that Mr. Thompson was not an employee within the meaning of the Georgia Workmen's Compensation Act, and that the Georgia State Board of Workmen's Compensation did have jurisdiction to award compensation to his dependents. In the *Pasler* case, supra, the court found that there was no conflict that at least some of the claimant's duties were those customarily performed by a "superintendent, foreman or workman." Having found that jurisdictional prerequisite, the insurer then was held estopped from defending on the grounds that claimant was not an employee within the meaning of the Workmen's Compensation Act. In both cases, a determination of an employer and employee relationship was established prior to applying the estoppel doctrine and making the award.

The contract of compensation insurance in this case provided that the general contractor should supply the names of employees of independent contractors and the amount of their remuneration. The general contractor, although admittedly classifying all those he employed to perform specialized construction work as sub-contractors, submitted the name of Leon Rainwater as an employee of himself, the roofing sub-contractor, and disclosed that he paid the sum of $288. Based on that disclosure, a premium of $14 was assessed by the insurer and paid by the general contractor, J. A. Rainwater. It is, therefore, of paramount importance that a determination be made as to Leon Rainwater's status, for no man can be at one and the same time the master and the servant. See *Tuck v. Moss Mfg. Co.,* 127 Ga. 729 (56 SE 1001). The Workmen's Compensation Act, as the title connotes, is designed to protect the employee or servant, not the employer or master. The basic relationship of employer and employee, as defined by statute, is essential as well as being the type of employee entitled to coverage under the Act and is a jurisdictional requirement. *Parker v. Travelers Ins. Co.,* 174 Ga. 525 (163 SE 159). If the relationship is one of independent contractor and

contractor, there is no coverage. *American Casualty Co. v. Smith,* 116 Ga. App. 332 (2) (157 SE2d 312); *Sanders Truck Transportation Co. v. Napier,* 117 Ga. App. 561 (161 SE2d 440). Determination of that relationship is one of fact. *Liberty Lumber Co. v. Silas,* 49 Ga. App. 262 (2) (175 SE 265); *Travelers Ins. Co. v. Moates,* 102 Ga. App. 778 (117 SE2d 924); *Lyons v. Employers Mut. &c Ins. Co.,* 127 Ga. App. 268 (193 SE2d 244).

Code § 114-607, supra, provides in pertinent part: "A policy of insurance issued under this Title shall always first be construed as an agreement to pay compensation: and . . . an insurer who issues to an employer subject to this title a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense." Assuming, without deciding, that Leon Rainwater was an independent contractor, the majority holds that the insurer is estopped from asserting that as a defense. In my opinion, they err. The statute plainly is directed to an "employee" as defined in the Workmen's Compensation Act. An independent contractor is not an employee under the Act, although in the loose sense he may be employed to perform a specific function. We are aware of the dicta in *Liberty Mut. Ins. Co. v. Henry,* 56 Ga. App. 868 (194 SE 430) to the effect that the cited Code Section might apply. However, we believe that the case of *United States Fidelity &c. Co. v. Neal,* 188 Ga. 105 (3 SE2d 80) controls. At pages 112 and 113 of that opinion, the Supreme Court of Georgia stated: "The fact that the partnership was insured cannot alter the case. The insurance provided under the Act merely insures the liability of the employer, and is no greater. No question is presented, under the facts of the present case, of estoppel against the insurance company to deny the existence of the relationship as servant or employee under the contract of insurance with the partnership. The construction that we have put upon the Workmen's Compensation Act can not be said to violate any beneficent purpose to be attained by it. . . It is apparent that the legislature in enacting the workmen's compensation Act did not intend to enforce compensation for injury to one, out of his own business and property.

No law was or is necessary to accomplish this end."

Having erroneously concluded that the question of whether the claimant was an employee or subcontractor was moot, and having failed to determine the claimant was an employee of the general contractor (whether or not he was an employee covered by the Act), I believe that the board was without authority to apply the estoppel of Code § 114-607 and, thus, hold the insurer was estopped to claim the claimant was not an employee *covered by the Act.* The award having been based upon an erroneous legal theory, I would reverse and order that the case be recommitted to the board so that proper findings of fact may be made on the issue involved.

I am authorized to state that Presiding Judge Eberhardt concurs in this dissent.