### 51650. WALKER et al. v. HILL-HARMON PULPWOOD COMPANY et al.

STOLZ, Judge.

Georgia Casualty & Surety Co. (insurer) wrote a policy of workmen's compensation insurance covering "Hill-Harman Pulpwood, Inc. [sic] & Vendors while cutting wood for Hill-Harman Pulpwood, Inc. [sic]" (dealer). It is stipulated that a vendor and a producer are considered the same in the common language of the industry; that premiums were collected by the dealer from the producer on the basis of a certain amount per cord of wood cut by the producer; and that Homer Lee Walker was such a producer. On May 12, 1971, Homer Lee Walker was working on property owned by Georgia Kraft Paper Co., hauling pulpwood for his dealer, Hill-Harmon Pulpwood Co., when the forklift he was operating overturned, causing him to sustain injuries which resulted in his

death. His widow, appellant, brought this claim for workmen's compensation death benefits. The administrative law judge found that the deceased producer was an independent contractor and not an employee of Hill-Harmon Pulpwood Co., his dealer. The administrative law judge also found that the acceptance of a premium did not estop the insurer from denying liability (Code Ann. § 114-607), relying on *Ga. Cas. &c. Co. v. Cochran,* 127 Ga. App. 55 (192 SE2d 547). This award was affirmed by the full board and the Superior Court of Meriwether County.

1. We believe the decisions below are erroneous. *Ga. Cas. &c. Co. v. Cochran,* supra, *does not hold* that the acceptance of a premium does not estop an insurer, under Code Ann. § 114-607, from denying liability. An examination of that case (Division 1, p. 58) shows that the issue was decided adversely to the claimant due to lack of proper notice.

Code Ann. § 114-607 specifically provides that "an insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title." In this case, a policy of compensation insurance was issued covering the work to be done. Whether those doing the work were or were not employees, so as to be insured thereby, the contract was a definite contract in favor of such workmen, and is binding on the insurer. See *Liberty Mut. Ins. Co. v. Henry,* 56 Ga. App. 868, 872 (194 SE 430); *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 680-681 (1) (112 SE2d 273); *Security Ins. Group v. Plank,* 133 Ga. App. 815, 816 (1) (212 SE2d 471); *Ga. Cas. &c. Co. v. Rainwater,* 132 Ga. App. 170 (207 SE2d 610).

The judgment of the superior court is reversed with direction that judgment be entered consistent with the law stated in this opinion.

2. The remaining enumerations of error are not passed upon.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 13, 1976 — DECIDED MARCH 8, 1976 — REHEARING DENIED MARCH 31, 1976 —

Farmer, Fanning & Potterfield, Millard C. Farmer, Jr., Steven E. Fanning, for appellants.

Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., for appellee.