## 31255. HILL-HARMON PULPWOOD COMPANY et al. v. WALKER et al.

NICHOLS, Chief Justice.

This is an action for workmen's compensation death benefits brought by the wife and children of a pulpwood vendor who was killed while operating a forklift.

The accident occurred on May 12, 1971, while the deceased and a helper were hauling pulpwood for his dealer, Hill-Harmon Pulpwood Company. Georgia Casualty & Surety Company had issued a policy of workmen's compensation to Hill-Harmon Pulpwood Company covering "Hill-Harmon Pulpwood, Inc. [sic] and Vendors while cutting wood for Hill-Harmon Pulpwood,

Inc. [sic]." The appellee's claim was denied by the administrative law judge because of his finding that the deceased was an independent contractor and not an employee of Hill-Harmon Pulpwood Company. The award denying death benefits was adopted by the full board and affirmed by the Superior Court of Meriwether County.

The Court of Appeals reversed and held the insurer was estopped to deny coverage. The Court of Appeals found that a policy to cover the work to be done had been issued and, whether the deceased was an employee or not, was binding on the insurer.

This court granted certiorari to determine (1) whether this holding is in conflict with *Simpkins v. Unigard Mutual Ins. Co.,* 130 Ga. App. 535 (203 SE2d 742) (1974) and (2) whether Code Ann. § 114-607 has been correctly interpreted. The Court of Appeals' opinion is reported in 138 Ga. App. 282.

1. In *Simpkins v. Unigard Mutual Ins. Co.,* supra, a building contractor obtained a policy of workmen's compensation insurance to cover employees of his subcontractors. In that case no premium was deducted from the contract price and the policy coverage was for employees of the subcontractor and not the subcontractor himself. In the case sub judice, a premium was deducted from the workmen's compensation based on the amount of wood cut. The evidence showed that if the deceased was the only worker hauling on a particular day, the premium was still deducted and paid at the same rate. The language of the policy also provided coverage for vendors specifically, not merely employees of vendors. The policy further excluded certain executive officers of the corporation but made no reference to the exclusion of vendors or independent contractors themselves. This court finds no conflict between the holdings in *Simpkins v. Unigard Mutual Ins. Co.,* supra, and the case sub judice.

2. Code Ann. § 114-607 provides in part: "[A]n insurer who issues a policy of compensation insurance to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and an insurer who issues to an employer subject to this Title a policy of compensation insurance covering an employee or

employees ordinarily exempt from its provisions shall not plead the exemption as a defense. In either case compensation shall be paid to an injured employee or to the dependents of a deceased employee for a compensable accident as if the .employer and/or the employee were subject to this Title, the policy of compensation insurance constituting a definite contract between all parties concerned."

Georgia Casualty & Surety Company issued a policy of workmen's compensation insurance to cover vendors of Hill-Harmon Pulpwood Company. A premium was paid based on the amount of pulpwood produced rather than the number of employees. The deceased performed the same work as his employees and is therefore covered by the policy. Under the facts in this case the insurer is estopped to deny coverage on the ground that the deceased was an independent contractor rather than an employee. Code Ann. § 114-607; *Liberty Mutual Ins. Co. v. Henry*, 56 Ga. App. 868 (194 SE 430) (1937); *Georgia Casualty &c. Co. v. Rainwater*, 132 Ga. App. 170 (207 SE2d 610) (1974). The Court of Appeals correctly applied Code Ann. § 114-607.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Undercofler, P. J., Jordan and Ingram, JJ., who dissent.*

ARGUED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 29, 1976 — REHEARING DENIED OCTOBER 19, 1976.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellants.

*Farmer, Fanning & Potterfield, Steven E. Fanning, Millard C. Farmer, Jr.,* for appellees.

UNDERCOFLER, Presiding Justice, dissenting.

The majority opinion overlooks the Workmen's Compensation Board's finding that Walker was an independent contractor. Also it has misinterpreted Code Ann. § 114-607. The insurer here is not claiming that Hill-Harmon and its vendors are not insured by its policy or that the policy doesn't cover exempt employees. It

merely claims Walker is not an employee as the board found and therefore his death is not compensable.

I respectfully dissent. I am authorized to state that Justice Jordan and Justice Ingram concur in this dissent.