## 58025. TINDELL v. INSURANCE COMPANY OF NORTH AMERICA et al.

SHULMAN, Judge.

This appeal is from the judgment of the superior court reversing an award by the State Board of Workers' Compensation in favor of claimant-appellant. We affirm.

1. The order awarding compensation reads in pertinent part as follows: "Normally an employee injured performing duties for the personal benefit of his employer is not entitled to compensation based on the employment relationship. [Cits.] However, it is clear by statute that an insurance company cannot assert such an exemption from coverage when a policy has been issued including such an employee. Code Section 114-607."

Insofar as this order shows that the insurer was estopped from asserting that the injury forming the basis for the claim did not arise out of and in the course of employment (i.e., that the injury was not compensable), the order shows that the board determined the case on an erroneous legal theory. While Code Ann. § 114-607 does estop an insurer from denying the existence of the employment relationship when a policy has been issued covering the claimant (see *Hill-Harmon Pulpwood Co. v. Walker,* 237 Ga. 736 (229 SE2d 607), affg. 138 Ga. App. 282 (226 SE2d 86)), Code Ann. § 114-607 does not obviate the requirement that in order for liability to attach, the injury sustained must be an otherwise "compensable accident." See, e.g., *Georgia Cas. &c. Co. v. Cochran,* 127 Ga. App. 55 (1) (192 SE2d 547), holding that the estoppel worked by Code Ann. § 114-607 does not preclude the

defense that an injury was not compensable due to failure to comply with notice requirements.

Since it affirmatively appears that the award was based upon an erroneous legal theory and not upon proper consideration of the evidence and applicable legal principles, the superior court properly sustained the appeal. See *Zurich Ins. Co. v. Robinson,* 123 Ga. 582 (181 SE2d 923). Accordingly, the case should have been remanded for further proceedings.

2. Other issues raised by appellant concern matters not considered by the board and more properly await another day for resolution.

*Judgment affirmed with direction that the case be remanded for action not inconsistent with this opinion. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 30, 1979 — DECIDED SEPTEMBER 18, 1979.

*Sanford R. Karesh, Thomas S. Bentley,* for appellant.

*Charles L. Drew,* for appellees.