56804. HARTFORD INSURANCE GROUP et al. v. VOYLES.

McMURRAY, Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workmen's Compensation (now Board of Workers' Compensation). The administrative law judge determined that based upon evidence the employer was

subject to the Workmen's Compensation Act of Georgia and carried insurance under a standard form workmen's compensation policy for any exposure. On October 13, 1976, the claimant and another person were running siding and cornice for the employer on a clubhouse. For this work they were jointly paid $25 per square for siding installed and $1 per running foot for cornice installed. From payments made to them he deducted the sum of 4 1/2 cents from each dollar for the stated purpose of workmen's compensation coverage. They had been working for him for approximately three years and deductions had been made during this time for workmen's compensation coverage. They had no written contract for the work being performed by them, but there were no other deductions from payments due them. From other facts he determined that the claimant was injured on the job which arose out of and in the course of his employment and that he was totally incapacitated to work from October 13, 1976, to the date of the hearing. He then found that after careful consideration of the relative nature of the work and the fact that the employer had in fact been making a deduction from their payments for the specific purpose of providing workmen's compensation coverage he concluded and found as fact that the employer was estopped to deny that he is the employer of the claimant for compensation purposes. Having made a determination that the claimant was an employee for compensation purposes of the employer he then found that the insurer was also liable as it insures employer for his exposure under the workmen's compensation law of Georgia. Upon de novo consideration of all evidence the board adopted the findings and conclusions of the administrative law judge as its findings and conclusions with one dissent. Whereupon the employer/insurer appealed to the superior court. *Held:*

The record contains evidence which supports the findings of the Board of Workers' Compensation that claimant was an employee of insured for workers' compensation purposes. The record is unclear as to the degree of control exercised by the insured over the claimant employee except for reference to the fact that insured inspected the work completed by claimant and

his companion Stone. Although the record contained repeated references using the terms contractor and subcontractor there is little which effectively delineated whether claimant was an independent contractor or servant. It is true the evidence was amply sufficient for the board to have so found but they did not find he was an independent contractor. The employee testified that he and another were "subbing" the work, that is, getting so much a square for siding and so much a foot for cornice work. The testimony also shows claimant had worked exclusively for the insured for a period of three years during which "workmen's" compensation insurance had been deducted from his compensation. Both his testimony and that of the employer as to deductions from his pay on workers' compensation, as well as the intentions of the parties (employer and employee) shows evidence of a master-servant relationship rather than an employer-independent contractor relationship. Any doubt on this question must be resolved in favor of claimant's status as an employee rather than an independent contractor, inasmuch as the findings of the board must be affirmed under the "any evidence" rule. *Carroll v. Mission Ins. Co.,* 147 Ga. App. 262 (248 SE2d 542).

Code § 114-607 would apply where an insurer issues to an employer subject to this title a policy of compensation insurance covering an employee or employees ordinarily exempt from its provisions. However, it is our view that under the findings of the Board of Workers' Compensation that claimant is an employee of the insured, this provision (Code § 114-607) is not necessarily applicable because this employee is not ordinarily exempt. The "relative nature of the work" as found by the board was easily ascertainable as creating the master-servant relationship rather than an employer-independent contractor relationship.

The Board of Workers' Compensation adopted from the findings and conclusions of the administrative law judge (made the findings of the majority of the board with one dissent) that the employer is estopped to deny that he is the employer of the claimant for compensation purposes. This refers not necessarily to Code § 114-607

but to the equitable principle that where a party by his declaration leads another to act or fail to act in reliance upon those declarations he may not later disavow them. See *Bell v. Studdard,* 220 Ga. 756, 760 (4) (141 SE2d 536); *Reeves v. Matthews,* 17 Ga. 449, 452 (3).

Here we have evidence of an employer deducting from the worker's pay a fee for workers' compensation insurance over an extended period of time. It is implicit in the circumstances that the worker relied upon the declaration that he is to be covered by workers' compensation insurance. It would contravene any sense of justice to allow the employer to disavow his declaration that the worker is covered by this insurance. Indeed, the substance of the employer's testimony is that he thought the employee was covered by workers' compensation insurance. The employer is bound for workers' compensation regardless of whether or not he carried insurance coverage.

It is admitted here that the employer was subject to the provisions of the Workmen's Compensation Act and that he carried workers' compensation insurance. See Code Ann. § 114-602 (Ga. L. 1962, pp. 528, 529; 1963, pp. 141, 154; 1972, pp. 929, 930). Certainly the admissions of the employer should bind him whether or not the insurer would be bound by law. Code § 114-607 requires that no policy of insurance shall be issued unless it contains the agreement of the insurer that it "will promptly pay to the person entitled to same all benefits conferred. . ." and ". . . be construed to be a direct promise. . .to the person entitled to compensation. . ." Such policy of insurance shall be construed as an agreement to pay compensation, and an insurer who issues the policy "covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense." It is noted here that the policy was not produced in evidence, although it was admitted that there was coverage for the employees of the employer, the insurer contending that in its audit it did not charge a premium for the claimant. Thus, even if the claimant be considered to be an employee "ordinarily exempt" from the provisions of the law (which was not necessarily the finding of the board) the board did not err in finding the insurer "also liable as it insures. . .

[the employer]. . .for his exposure under the Workmen's Compensation Law of Georgia."

*Judgment affirmed. Deen, C. J., Webb, P. J., Smith and Banke, JJ., concur. Underwood, J., concurs in the judgment only. Quillian, P. J., Shulman and Birdsong, JJ., dissent.*

ARGUED NOVEMBER 6, 1978 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 30, 1979 —

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellants.

*Kenneth J. Vander Hoff, Jr., Jane Kent Plaginos,* for appellee.

QUILLIAN, Presiding Judge, dissenting.

The award of the board, Chairman Mallard dissenting, stated in part: "a. Charles E. Redding is an employer with sufficient employees — outside of claimant — to be subject to the Workmen's Compensation Act of Georgia. The Hartford Insurance Group insures Charles E. Redding under a standard form workmen's compensation policy for any exposure Charles E. Redding has under the Workmen's Compensation Act. On October 13, 1976 claimant Voyles and Charles Edward Stone were running siding and cornice for Charles E. Redding at Preston Lake on a club house. For this work claimant Voyles and Stone jointly received a payment of $25.00 per square for siding installed and $1.00 per running foot of cornice installed. From any payment made to claimant Voyles and Charles Stone by Charles E. Redding a sum of 4 1/2 cents for each dollar was deducted for the stated purpose of workmen's compensation coverage. Claimant Voyles and Charles Stone had been working for Redding for approximately three years and during the first year and a half Redding would deduct 3 1/2 cents from each dollar payment due for workmen's compensation coverage and thereafter he started deducting 4 1/2 cents for each dollar. There was no written contract for the work which was being performed on October 13, 1976. There

were no other deductions made from payments due claimant Voyles and Stone other than the 4 1/2 cents per dollar for workmen's compensation coverage. Up to the date of the injury on October 13, 1976 claimant Voyles had earned $12,963.00 performing this type work for Charles Redding. d. After carefully considering the relative nature of work claimant Voyles and Charles Edward Stone were performing for Charles E. Redding and the fact that Redding had been making a deduction from the payments due Voyles and Stone for the specific purpose of providing workmen's compensation coverage to Voyles and Stone, I conclude and find as fact that Charles E. Redding is estopped to deny that he is the employer of Grady Voyles for compensation purposes. Therefore, I conclude and find as fact Grady Voyles sustained injury by accident arising out of and in the course of his employment with Charles E. Redding on October 13, 1976. Based on the fact that Voyles had earned $12,963 in 1976 to the date of his injury I find his average weekly wage is $316.17 per week. Redding had notice of Voyles's injury within thirty days. e. Having made a determination that Redding is the employer of Grady Voyles for compensation purposes, I find that Hartford Insurance Group also liable as it insures Charles E. Redding for his exposure under the Workmen's Compensation Law of Georgia."

Code Ann. § 114-607 (Code § 114-607 as amended Ga. L. 1933, pp. 184, 185) provides in part: "an insurer *who issues a policy of compensation insurance* to an employer not subject to this Title shall not plead as a defense that the employer is not subject to the Title; and *an insurer who issues to an employer subject to this Title a policy of compensation insurance* covering an employee or employees ordinarily exempt from its provisions shall not plead the exemption as a defense." It is clear that the board held that Code § 114-607 applied because Redding withheld certain sums for payment of Workers' Compensation insurance premiums from the money that he paid Voyles for his services. That was an erroneous theory of law. For Code § 114-607 to apply it must be shown not that an employer deducted for the payment of the premiums but that a policy of insurance was actually

issued to the employer which covered the person making the claim for compensation.

Since the award was based on an erroneous theory of law, I respectfully dissent from the majority opinion affirming the award.

I am authorized to state that Judge Shulman and Judge Birdsong join in this dissent.

BIRDSONG, Judge, dissenting.

While I am aware of the "any evidence" rule, I do not think it applies to the instant case. The record in this case is devoid of any evidence of an employer-employee relationship between Charles E. Redding and Grady Voyles. To the contrary, the evidence proves either or both of the following: Voyles was either a part of a partnership or an independent contractor. On p. 18 of the record in response to a question by the attorney for the appellant, the appellee was asked the following question: "Q. and y'all are partners? [referring to appellee and Charles Stone] A. Right." Page 19 of the record states: "Q. He gave you that because you are partners? A. Yeah, uh-huh."

Appellee further testified that he and Charles Stone split what they got in pay and paid their insurance, income tax and social security out of this pay. This firmly establishes the appellee and Stone as a partnership. As a partnership, they are treated as employers and not as employees under the Georgia Workers' Compensation Act. *Scoggins v. Aetna Cas. &c. Co.,* 139 Ga. App. 805 (229 SE2d 683).

Even if it is assumed that appellee was not a partner, then he was an independent contractor. Appellee testified that Redding did not take out any income tax or any social security. Appellee testified that he was getting $25 a square and $1 a foot for work on a cornice. Appellee also furnished his own tools. There is no evidence that Redding ever exercised any control over the work of the appellee; furthermore, Redding's own records showed claimant was not on his payroll. Clearly, as set forth in the opinion of Judge Webb, *Coastal Timberlands v. Brown,* 141 Ga. App. 800 (234 SE2d 373), appellee Grady Voyles was an independent contractor.

Had Redding so desired, he could have covered

appellee as an employee "ordinarily exempt," paid the premiums, and listed Voyles as an employee. This he did not do.

The uncontradicted testimony shows that Redding was charged a premium by Hartford based upon his payroll. The evidence clearly established that Voyles and his partner Stone were not included in Redding's payroll. The premiums paid by Redding did not include coverage for appellee. An agent for appellant testified without contradiction that no premium was charged involving appellee because he was an independent contractor. However, had the funds deducted been remitted to appellant and accepted, the coverage would have been for the employees of the subcontractors Grady Voyles and Charles Stone, and not to each individually. *Simpkins v. Unigard Mut. Ins. Co.,* 130 Ga. App. 535 (2) (203 SE2d 742).