68681. LAWRENCE v. ATLANTA DOOR COMPANY et al.

DEEN, Presiding Judge.

Appellant Lawrence, president of appellee Atlanta Door Co. (Atlanta Door) and owner of more than half of the company's stock, sustained a broken leg while engaged in activity related to his job. The issue on appeal is not whether a job-related injury occurred, but (1) whether appellant, as president and majority stockholder, comes within the statutory definition of "employee" (OCGA § 34-9-1) so as to qualify for compensation under the Workers' Compensation Act, and (2) whether, regardless of claimant/appellant's status as employee *vel non*, Atlanta Door's workers' compensation carrier, appellee Nationwide Mutual Insurance Co. (Nationwide), is estopped to deny coverage after having issued a policy the premium for which was calculated on the basis of all salaries paid by the company, including that of appellant.

In addition to serving as Atlanta Door's president and holding a majority of its stock, appellant was also a salesman for the company and its general manager, his duties including, *inter alia*, the hiring of other salesmen. His brother, who owned approximately one-fourth of the firm's stock, hired and fired shop and field personnel and also did work in the field. In the fall of 1979 Nationwide issued to Atlanta Door an insurance policy which contained no language or attachments

excluding company officers, or anyone else, from workers' compensation coverage. Appellant testified that the policy was intended expressly to cover himself and his brother as well as other employees, in view of the fact that the two of them from time to time performed work that would subject them to risk of injury. Nationwide's agent, who had designed and sold the policy, corroborated appellant's testimony as to this intention. The agent further testified that the salaries of all Atlanta Door personnel, including appellant, were initially factored into the calculation of the premium, and that subsequent audits, conducted for the purpose of determining whether premium adjustments were necessary, also included appellant's salary in the recalculation of the premium. The agent also corroborated appellant's testimony that he had not been asked to execute any form excluding himself from the policy's coverage.

After he was injured on January 21, 1981, Lawrence filed a workers' compensation claim. On the following February 4, Nationwide filed a notice to controvert the claim, stating that the policy had been canceled on December 1, 1980; an amended notice to controvert, filed April 14, 1981, added as a ground Lawrence's alleged non-employee status. Neither Atlanta Door nor Nationwide's agent was notified of the purported cancellation until February 4, 1981; in fact, on December 15, 1980, Nationwide had sent to Atlanta Door a routine "Record of Payment" statement showing the status of premiums paid and those due currently and in the future. Atlanta Door's check in payment of the current premium was dated December 31, 1980, and cleared the bank January 5, 1981. The agent received a routine notice on January 8, 1981, reflecting all premium payments credited through December 31, 1980.

After a hearing held April 22, 1981, an administrative law judge (ALJ) awarded payment of all previously incurred medical expenses and authorized payment of expenses for reasonable and necessary future treatment. The Full Board affirmed and adopted the ALJ's award, holding that appellees were estopped to deny coverage. The Board also awarded attorney fees. On appeal the DeKalb County Superior Court, relying on *Denis Aerial Ag-Plicators v. Swift*, 154 Ga. App. 742 (269 SE2d 890) (1980), reversed the award and held that appellant was not an employee within the meaning of OCGA § 34-9-1 (2) (Code Ann. § 114-101 (2)), and that appellee was not estopped to deny coverage. Lawrence appeals, enumerating as error the superior court's reversal of the Board's award, alleging that the court erred in concluding as a matter of law that appellant was not an employee and that the insurer was not estopped to deny coverage; in denying attorney fees; in misapplying to the instant case *Denis Aerial Ag-Plicators v. Swift*. Appellant further asserts that the superior court's ruling and conclusions are not supported by the facts of the case. *Held*:

1. The workers' compensation statute in effect at the time of appellant's injury, Code Ann. § 114-101 (OCGA § 34-9-1), is silent as to whether a person like appellant, who is an officer and/or principal stockholder in a firm is covered under a workers' compensation insurance policy issued pursuant to the Workers' Compensation Act. The enactment in 1982 (Ga. Laws 1982, p. 2360) of an amendment permitting a corporate officer to elect to exempt himself from the Act's coverage would suggest that, at a minimum, there is and has been some ambiguity as to the statute's intent in respect of coverage. Georgia case law likewise reflects some ambiguity, if not confusion, as to the coverage *vel non* of such persons.

We need not decide this issue in the instant case, however. Pertinent statutory and case law is crystal-clear that regardless of what the technical status of the claimant may be vis-a-vis the employer/employee/independent contractor distinction, the insurer who issues a policy covering such a claimant, and *a fortiori* the insurer who has collected premiums reflecting such coverage and has thereby caused the claimant to rely on the contract of insurance, is estopped to deny coverage on the basis of an assertion that the claimant is for some reason exempt from the Act's provisions or is otherwise arguably ineligible for workers' compensation benefits. OCGA § 34-9-124 (Code Ann. § 114-602); *Hill-Harmon Pulpwood Co. v. Walker*, 237 Ga. 736 (229 SE2d 607), aff'g 138 Ga. App. 282 (226 SE2d 86) (1976); *Gulf American Fire &c. Co. v. Taylor*, 150 Ga. App. 179 (257 SE2d 44) (1979); *Hartford Ins. Group v. Voyles*, 149 Ga. App. 517 (254 SE2d 867) (1979); *Ga. Cas. & Surety Co. v. Brawley*, 135 Ga. App. 763 (219 SE2d 176) (1975); *Ga. Cas. &c. Co. v. Rainwater*, 132 Ga. App. 170 (207 SE2d 610) (1974); *Pasler v. Md. Cas. Co.*, 97 Ga. App. 263 (103 SE2d 90) (1958); *Liberty Mut. Ins. Co. v. Henry*, 56 Ga. App. 868 (194 SE 430) (1937). See also *Commercial Union Ins. Co. v. Weeks*, 155 Ga. App. 20 (270 SE2d 259) (1980); *Tindell v. Ins. Co. of North America*, 151 Ga. App. 388 (259 SE2d 746) (1979). *Denis Aerial Ag-Plicators v. Swift*, supra, is not applicable to the facts of the instant case. See also *U. S. Fidelity Co. v. Neal*, 188 Ga. 105 (3 SE2d 80) (1939).

We hold, therefore, that the superior court erred in ruling that Nationwide was not estopped to deny coverage to appellant Lawrence, and in applying the holding of *Swift*, supra, to the instant case. Accordingly, the award of the full Board must be reinstated.

2. Having held in Division 1, supra, that the superior court erred with respect to appellant's second and fourth enumerations, we need not address the remaining assignments of error.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

Decided July 12, 1984 —
Rehearing denied July 24, 1984 —

*Thomas E. Raines, Gerald B. Kline,* for appellant.
*Warner R. Wilson, Jr., Kent Murphy, Theresa S. Barnes,* for appellees.