### 68355. LITTLE SUWANNEE LUMBER COMPANY v. FITZGERALD.
(322 SE2d 347)

BENHAM, Judge.

Appellee, an independent contractor who sold pulpwood to appellant lumber company, was injured while attempting to fell a tree. Appellant regularly deducted workers' compensation premiums from the payments it made to the pulpwooder, thus entitling him to coverage under OCGA § 34-9-124 (b). The issue then became how to determine the amount of benefits appellee was to receive. To calculate appellee's average weekly wage, appellant deducted "production costs" from appellee's total weekly fee figures, to which appellee objected. After conducting a hearing on the matter, the administrative law judge of the State Board of Workers' Compensation concluded that "the average weekly wage of [appellee] cannot be reasonably and fairly determined based on the methods set forth in OCGA § 34-9-260 (1) and (2). Accordingly, the full-time wage shall be used." The ALJ awarded appellee $135 per week compensation and did not deduct the "production costs." The superior court affirmed the award on appeal. Appellant sought and we granted a discretionary appeal to rule on appellant's sole enumeration of error: that appellee's "production costs" should have been deducted in calculating his average weekly wage, because he is an "independent contractor" and not an "employee." We disagree and affirm the trial court's judgment.

Although the distinction between an employee and an independent contractor has relevance in the context of determining coverage under the Workers' Compensation Act (employees generally are covered; independent contractors generally are not) (see *Unigard Mut. Ins. Co. v. Hornsby*, 134 Ga. App. 157 (4) (213 SE2d 538) (1975)), the Workers' Compensation Act makes no such distinction with regard to calculation of wages. Since appellant admits that it is liable to appellee for the payment of workers' compensation, whether or not he is an independent contractor or an employee is a moot question. *Ga. Cas. & Surety Co. v. Rainwater*, 132 Ga. App. 170 (207 SE2d 610) (1974). See also *Walker v. Hill-Harmon Pulpwood Co.*, 138 Ga. App. 282 (226

SE2d 86) (1976). Once coverage under the Act is established, the logical conclusion is that, for purposes of such coverage, the claimant is an employee.

Appellant asserts that *Lumbermen's Mut. Cas. Co. v. Babb*, 67 Ga. App. 161 (19 SE2d 550) (1942), holding that all payments the employer makes to the employee should be counted as wages for the purpose of fixing workers' compensation benefits, is no longer good law. While it is true that no Georgia court has cited the case since 1948, appellant has failed to persuade us that it is no longer valid. The proposition is still a sound one in our state, notwithstanding appellant's contention that other jurisdictions may not agree. The Georgia Workers' Compensation Act is a humanitarian measure meant to provide relief to the injured employee, and the Act should be liberally interpreted by the courts to carry out that purpose. *Atha v. Jackson Atlanta, Inc.*, 159 Ga. App. 433, 436 (283 SE2d 654) (1981). In light of that purpose and given the circumstances of the instant case, we cannot countenance an interpretation of the Act which will result in a reduction of benefits to recipients.

Appellant further contends that there is a difference between "fees" and "wages" as those terms relate to the Act; fees being the gross amounts appellant paid appellee, and wages being the net amounts appellee retained for himself after expenses. The Act does not specifically define either term, leaving us to apply ordinary meanings in everyday usage. Webster's 7th New Collegiate Dictionary defines "wage" as "a payment, usually of money for labor or services usually according to contract and on an hourly, daily or piecework basis . . . especially for physical labor." "Fee" is offered as a synonym; it "applies to the price asked or paid for services of a physician, lawyer, artist or other professional." Clearly, it is not mandated by definition or otherwise that one make any deductions before calculating the pulpwooder's wages, particularly in view of the fact that appellant deducted the workers' compensation premiums from his gross, rather than net, receipts. It appearing that appellant made an election, this court will not rescue it from its decision.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 18, 1984.

*H. Michael Bagley, David A. Smith*, for appellant.
*Jack J. Helms, Willis H. Blacknall III*, for appellee.