## 69957. LOTT v. ACE POST COMPANY, INC.
(332 SE2d 676)

SOGNIER, Judge.

Mary Ann Lott brought this action against Ace Post Company, Inc. (Ace Post) seeking damages for the wrongful death of her husband. The trial court granted summary judgment in favor of Ace Post and Lott appeals.

Appellant's decedent was a wood and post cutter, who was paid by appellee according to the amount of wood he delivered. By mutual agreement of the parties, appellee deducted from decedent's pay an amount which appellee applied to its workers' compensation insurance plan to provide coverage to appellant's decedent under appellee's workers' compensation policy. The decedent was delivering posts to appellee when he was struck and killed by a lift driven by one of appellee's regular employees. Following the decedent's death, appellant filed a claim for death benefits under appellee's workers' compensation insurance policy, pursued that claim through the State Board of Workers' Compensation and ultimately received death benefits as well as penalties imposed against appellee under the Workers' Compensation Act. She thereupon instituted this suit. OCGA § 34-9-1 et seq. (Act). The trial court in granting appellee's motion for summary judgment found that the benefits received by appellant constituted her exclusive remedy and that appellee was immune from tort liability under OCGA § 34-9-11.

Appellant contends the trial court erred by granting summary judgment to appellee because her decedent was an independent contractor and was not an "employee" under the Act.

"[OCGA § 34-9-11] has been interpreted consistently to mean that, where the workers' compensation law is applicable, it provides the employee's exclusive remedy against his employer." Freeman v. Ryder Truck Lines, 244 Ga. 80, 82 (2) (259 SE2d 36) (1979). In this case, appellant was able to obtain scheduled workers' compensation benefits for the death of her husband because of the agreement between the decedent and appellee whereby appellee accepted deductions from the decedent's pay and applied them to appellee's workers' compensation insurance policy in order for the decedent to obtain coverage under appellee's policy. Because of this agreement, appellee

was barred under the doctrine of equitable estoppel from denying coverage to appellant's decedent for all applicable scheduled benefits. See OCGA § 34-9-124 (b); *Hill-Harmon Pulpwood Co. v. Walker*, 237 Ga. 736, 738 (2) (229 SE2d 607) (1976); *Lawrence v. Atlanta Door Co.*, 171 Ga. App. 741, 743 (1) (320 SE2d 627) (1984); see *Hartford Ins. Group v. Voyles*, 149 Ga. App. 517, 519-20 (254 SE2d 867) (1979).

" 'Estoppel, to be good, must be "reciprocal." ' [Cit.] . . . 'Estoppels are not favored at law and in no case can the doctrine be invoked save where the estoppel is mutual.' [Cits.]" *Porterfield v. Gilmer*, 132 Ga. App. 463, 466 (208 SE2d 295) (1974), aff'd 233 Ga. 671 (212 SE2d 842) (1975). We find no merit in appellant's argument that she is not reciprocally estopped under the equitable estoppel doctrine from recovering for tort liability against appellee because her decedent paid the premiums to obtain the workers' compensation benefits and appellee gave no quid pro quo to justify entitlement to the statutory immunity from tort liability under OCGA § 34-9-11. Regardless whether the decedent was an independent contractor or an employee not regularly covered under the Act, he assumed the status of appellee's employee when he entered into the agreement with appellee as a means of obtaining workers' compensation benefits not otherwise available to him. The quid pro quo provided by appellee was its surrender under this agreement of any defense of lack of negligence in regard to a compensable injury to the decedent.

"In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee foregoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the Act makes provision." *Nowell v. Stone Mtn. Scenic R.*, 150 Ga. App. 325 (257 SE2d 344) (1979). Appellant by accepting the terms of the Act under the doctrine of equitable estoppel and benefitting thereby is estopped and barred from recovering in this tort action against appellee. See OCGA § 34-9-11; *Porterfield*, supra at 466; *Rapid Cab Co. v. Colbert*, 166 Ga. App. 881 (305 SE2d 668) (1983). Therefore, the trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1985 —
REHEARING DENIED JUNE 24, 1985 — ■

*M. Theodore Solomon, William J. Edgar*, for appellant.
*Terry A. Dillard*, for appellee.