75657. SMITH v. LOCKHEED-GEORGIA COMPANY et al.
(366 SE2d 178)

BANKE, Presiding Judge.

The appellant injured his knee in 1982 while employed by Lockheed-Georgia Company, sustaining a 30-35 percent permanent partial impairment of the right lower extremity. He was paid workers' compensation benefits for temporary total disability until July of 1986, when, on motion by the employer/insurer, a change-in-condition hearing was held. At that hearing, evidence was introduced showing that the appellant had, since April of 1985, operated a ceramics shop from which he had received revenues but no actual net income. Based on this evidence, the administrative law judge ruled that, retroactive to the inception of the ceramics business, the appellant was entitled to receive workers' compensation benefits on the basis of a temporary partial disability (see OCGA § 34-9-262, as it existed prior to its amendment by Ga. L. 1985, p. 727, § 9, effective July 1, 1985), rather than on the basis of a temporary total disability. See OCGA § 34-9-261. Additionally, the administrative law judge made the following observations: "[T]here has been very little attempt by employer/insurer to rehabilitate claimant so that he could return to the work force with employer at its plant in Marietta. Claimant has in essence started his own rehabilitation effort with his ceramics shop operation. This could prove to be a great opportunity for employer/insurer . . . to . . . return claimant to his full pre-injury earning capacity."

Upon de novo consideration, the findings and conclusions of the administrative law judge were adopted by the full board. However, the superior court reversed the award on appeal, ruling that because the appellant's ceramic business had produced "gross revenues greater than his average weekly wage at the time of the subject employment injury," he had undergone a change in condition for the better from temporary total disability to no disability. We granted the appellant's application for a discretionary appeal to this court to consider whether the superior court properly relied on *Little Suwannee Lumber Co. v. Fitzgerald*, 172 Ga. App. 144, 145 (322 SE2d 347) (1984), in reversing the board's award. *Held*:

In the *Little Suwannee Lumber Co.* case, we upheld an award of disability benefits to an independent contractor who was admittedly covered by the Act, calculated on the basis of the full-time weekly wage which he had been earning prior to his injury, without any deduction for his "production costs." In reaching this conclusion, we observed that "[t]he Georgia Workers' Compensation Act is a humanita-

rian measure meant to provide relief to the injured employee, and the Act should be liberally interpreted by the courts to carry out that purpose. [Cit.]" See also *Atha v. Jackson Atlanta, Inc.*, 159 Ga. App. 433, 436 (283 SE2d 654) (1981).

In the present case, we are not concerned with the manner of calculating the claimant's weekly wages at the time of the injury but with whether he has undergone a change in economic condition for the better since the injury. Clearly, to consider merely his gross revenues from his business without deducting his offsetting overhead expenses would be to penalize him for taking steps to overcome his disability even though these steps have not yet resulted in any economic gain to him. We hold that, under the present facts, the board acted properly in calculating the appellant's entitlement to further disability benefits on the basis of his net rather than his gross business earnings. The judgment of the superior court is accordingly reversed.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 18, 1988.

*Frederick M. Scherma*, for appellant.
*Andrew J. Hamilton, Gwendolyn R. Tyre*, for appellees.