### A92A0633. HORNE et al. v. EXUM.
(419 SE2d 147)

JOHNSON, Judge.

In this discretionary appeal, Junior Horne d/b/a Junior Horne Roofing asserts that the superior court erred in reversing the State Board of Workers' Compensation's affirmance of the award of the Administrative Law Judge (ALJ) which denied benefits to Robert Lee Exum.

It is uncontested that Exum suffered a displaced comminuted fracture of his right heel bone as a result of a fall which occurred on the job. Subsequent to this injury, Horne voluntarily paid Exum his regular weekly salary from November 30, 1989 until May 1, 1990 and had paid or agreed to pay all medical expenses incurred through the date of the hearing in superior court. The ALJ found that the employer was a partnership owned and operated by Junior Horne and Jake Horne, that they had fewer than three full-time employees and, pursuant to OCGA § 34-9-2 (a), that the partnership was not subject to the provisions of the Workers' Compensation Act. The Full Board agreed. The superior court reversed, finding that Horne had voluntarily elected to be bound by the Act by paying Exum's salary and medical expenses and was estopped to deny benefits.

The superior court and Exum rely on *Hartford Ins. Group v. Voyles*, 149 Ga. App. 517 (254 SE2d 867) (1979), in which we held that equitable estoppel was a doctrine which could, in some circumstances, be applied to workers' compensation cases. In *Hartford,* we held that an employer could be bound by the Act regardless of

whether valid insurance coverage existed if the worker reasonably relied on a representation that he was covered by workers' compensation insurance. In that case, a deduction was regularly made from the employee's pay over a period of three years for the stated purpose of contributing to workers' compensation coverage. The employer as well as the claimant, believed that they were covered by insurance, which proved not to be the case. The court held: "It is implicit in the circumstances that the worker relied upon the declaration that he is to be covered by workers' compensation insurance. It would contravene any sense of justice to allow the employer to disavow his declaration that the worker is covered by this insurance." Id. at 520.

The essential elements of equitable estoppel are set forth in *Bell v. Studdard*, 220 Ga. 756, 760 (4) (141 SE2d 536) (1965). A party asserting estoppel must establish "(1) conduct amounting to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts; and, as to the party claiming the estoppel: (1) lack of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." Id. at 760. In this case there were no findings made by the ALJ and there is no evidence in the record which establishes that Exum was ever told or led in any way to believe that he was covered by workers' compensation. Furthermore, there is no evidence that Exum did or failed to do anything which would have prejudiced his position. "Estoppel to be good must be reciprocal . . . Estoppels are not favored at law and in no case can the doctrine be invoked save where the estoppel is mutual." (Citations and punctuation omitted.) *Lott v. Ace Post Co.*, 175 Ga. App. 196, 197 (332 SE2d 676) (1985).

" 'The superior court is not authorized to substitute its judgment for that of the Full Board. (Cit.) The superior court is authorized to reverse an award of the Full Board only when there is plain error of fact or an error purely of law. (Cit.)' [Cit.]" *Selfridge v. Morrison Cafeteria Co.*, 192 Ga. App. 469, 470 (1) (385 SE2d 137) (1989). It cannot be extrapolated from the fact that Horne made voluntary payments to Exum after the injury that he voluntarily elected to bring himself under the broad provisions of the Act under the theory of equitable estoppel or any other theory. Therefore the superior court's order must be reversed, and the order of the Full Board reinstated. To hold otherwise would not only be unfair to employers who find themselves in Horne's situation by blindsiding them when they were attempting to do the right thing by an injured employee, but would discourage

such employers from making voluntary payments in any case where they were under no legal obligation to do so.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1992.

Langdale, Vallotton, Chapman & Linahan, J. Bennett Threlkeld, for appellants.

The Ellerbee Law Firm, 0. Wayne Ellerbee, for appellee.