A96A1383. PETERS v. KEVIN MOODY CONSTRUCTION et al.
(476 SE2d 772)

BIRDSONG, Presiding Judge.

We granted this discretionary appeal to determine whether a workers' compensation claimant who is himself an employer in his own business and has exempted himself from workers' compensation coverage which he procures for his own employees (see OCGA § 34-9-2.2) in his own business may nevertheless be a covered employee of another employer. In reversing an award of the Workers' Compensation Board, the trial court held that such an exempt employer is estopped to claim that he is a covered employee of another employer. *Held*:

1. OCGA § 34-9-2.2 provides: "Any sole proprietor or partner of *a business* whose employees are eligible for benefits under this chapter may elect to be included as an employee under the workers' compensation insurance coverage of *such business* if he is actively engaged in the operation of *the business* and if the insurer is notified of his election to be so included. Any such sole proprietor or partner shall, upon such election, be entitled to the employee benefits and be subject to the employee responsibilities prescribed in this chapter." (Emphasis supplied.)

The words which we have emphasized in reciting this provision speak for themselves. The entire provision directs itself to the election of a person in his capacity as employer *in his own business* to exempt himself from coverage as an employee of *"such business."* Where such a person is acting as an employee of *another business*, nothing in OCGA § 34-9-2.2 estops him from claiming under his employer's workers' compensation coverage in that other employer's business.

A person may wear two hats even under the Workers' Compensation Act. He may be exempt from coverage in his own business, but covered as an employee in another's business. He is obviously estopped from making a claim against his own company when he has exempted himself from coverage as an employer, not an employee, under OCGA § 34-9-2.2; but when he is not the employer against whom his claim is being made and the business in which he makes the claim is not the business as to which he exempted himself as not being a covered employee, nothing in OCGA § 34-9-2.2 estops him from making his claim. To hold otherwise would be illogical and, moreover, would penalize him from availing himself of the provisions of OCGA § 34-9-2.2 as an employer of his own business. Compare *Barbree v. Shelby Mut. Ins. Co.*, 105 Ga. App. 186, 188 (123 SE2d 905).

2. Appellee contends the issues are entirely different than they appear: that in fact claimant misled appellee as to his workers' compensation status and should be estopped to recover benefits as appellee's employee under its policy and that the Board misapplied the facts and legal issues to conclude that this claimant was under the "control" of this employer. Be that as it may, the trial court erred in its conclusion upon the legal issue which it identified. The ruling of the trial court is reversed, and the case is remanded to the Board for determination of any questions as to whether this claimant in fact misled the appellee employer as to his status as an employee or as an independent contractor who was covered under his own workers' compensation insurance.

*Judgment reversed and remanded. Beasley, C. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 13, 1996 —
RECONSIDERATION DENIED OCTOBER 10, 1996 —

*Mallard & Wilson, Emmett E. Mallard, Jr., Merritt J. Wilson*, for appellant.

*John G. Vlahakis*, for appellees.

