A99A0585. GREG FISHER, LTD. et al. v. SAMPLES.
(520 SE2d 280)

SMITH, Judge.

We granted this discretionary appeal from the superior court's order reversing the decision of the appellate division of the State Board of Workers' Compensation. Because we find that Samples was not an employee of Greg Fisher, Ltd. ("Fisher") or one of its subcontractors and that the superior court erred in applying the estoppel provisions of OCGA § 34-9-124 (b), we reverse.

Samples owned a carpentry business and worked side by side with his employees. Samples was hired by Fisher to perform framing work on a building project. He was on top of the building setting trusses in windy conditions when several trusses fell, knocking him off the building and injuring him.

Although Samples had obtained workers' compensation insurance for his employees, he had elected to exempt himself from coverage as permitted by OCGA § 34-9-2.2. After filing a workers' compensation claim against his company and learning that he was not covered by its insurance policy, Samples submitted a claim against Fisher and its workers' compensation insurer. The administrative law judge (ALJ) denied Samples's claim, concluding that he was not an employee of Fisher but an independent subcontractor who had elected to exclude himself from coverage under the workers' compensation insurance policy of his own company. The ALJ found that Fisher did not control the time, manner, or method in which Samples performed his job and that when the legislature enacted OCGA § 34-9-2.2 to require an employer to affirmatively elect coverage, it made

clear that a sole proprietor would not otherwise be considered an employee of his own business. The appellate division modified slightly and affirmed the ALJ's decision. The superior court reversed the appellate division on the ground that the Board had failed to apply the estoppel provisions of OCGA § 34-9-124 (b).

In determining whether Fisher and its insurer were barred from asserting any defenses against the workers' compensation claim of Samples, we must examine the provisions of OCGA § 34-9-124 (b) in light of OCGA §§ 34-9-2.2 and 34-9-8. OCGA § 34-9-8 (a) provides:

> A principal, intermediate, or subcontractor shall be liable for compensation to any *employee* injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer.

(Emphasis supplied.) OCGA § 34-9-8 (c) provides:

> Every claim for compensation under this Code section shall be in the first instance presented to and instituted against the immediate employer, but such proceedings shall not constitute a waiver of the *employee's* right to recover compensation under this chapter from the principal or intermediate contractor. If such immediate employer is not subject to this chapter by reason of having less than the required number of employees as prescribed in subsection (a) of Code Section 34-9-2 and Code Section 34-9-124 does not apply, then such claim may be directly presented to and instituted against the intermediate or principal contractor.

(Emphasis supplied.) OCGA § 34-9-124 (b) provides:

> A policy of insurance issued under this chapter shall always first be construed as an agreement to pay compensation; and an insurer who issues a policy of compensation insurance to an employer not subject to this chapter shall not plead as a defense that the employer is not subject to the chapter; and an insurer who issues to an employer subject to this chapter a policy of compensation insurance covering an *employee or employees* ordinarily exempt from its provisions shall not plead the exemption as a defense.

(Emphasis supplied.) In applying these Code sections, we must bear in mind that

> [i]n reviewing a workers' compensation award, both this

court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division. It is axiomatic that the findings of the Board, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a factfinding body in lieu of the Board.

(Citation and punctuation omitted.) *Olde South Custom Landscaping v. Mathis*, 229 Ga. App. 316 (494 SE2d 14) (1997). Some evidence exists to support the finding of the ALJ and appellate division that Samples initially filed a workers' compensation claim through his own carrier and was subsequently notified that he had specifically exempted himself from that coverage. Therefore, we are bound by these findings. Samples was barred from making a claim against his own company when he exempted himself from coverage under OCGA § 34-9-2.2. See *Peters v. Kevin Moody Constr.*, 223 Ga. App. 133, 134 (1) (476 SE2d 772) (1996). As Samples initially filed a workers' compensation claim against his own company, upon denial of that claim he was authorized to directly present and institute his claim against Fisher. The filing of an initial claim against his own company did not constitute a waiver of Samples's right to recover compensation from the principal or intermediate contractor. OCGA § 34-9-8 (c).

But Samples nevertheless is precluded from recovering workers' compensation benefits from Fisher and its insurer. Here, Samples could recover benefits from Fisher in three ways: as an employee of Fisher, as an employee of his own business, or if Fisher was barred from contesting coverage under OCGA § 34-9-124 (b). None of those circumstances applies here.

While in *Peters*, supra at 133, this court held that an employer who has elected exemption under OCGA § 34-9-2.2 could still obtain coverage if he was also the employee of another business, Samples was not an employee of Fisher. The ALJ and the appellate division found as a matter of fact that Samples was an independent contractor and not an employee of Fisher. That finding is supported by some evidence of record, and we therefore must accept it. *Mathis*, supra.

Samples also does not qualify as an employee of his own company under OCGA § 34-9-2.2. That Code section provides:

Any sole proprietor or partner of a business whose employees are eligible for benefits under this chapter may *elect* to be included as an employee under the workers' compensation insurance coverage of such business if he is actively engaged in the operation of the business and if the insurer is notified of his *election* to be so included. Any such sole pro-

prietor or partner shall, *upon such election*, be entitled to the employee benefits and be subject to the employee responsibilities prescribed in this chapter.

(Emphasis supplied.) The purpose of this legislation is to allow a sole proprietor or partner of a qualifying business to make an election to be included as an employee under the workers' compensation insurance coverage of the business. See Ga. L. 1984, p. 1218. The plain wording of this statute reflects that a sole proprietor or partner will not qualify as an employee of his or her business for purposes of obtaining workers' compensation insurance coverage, unless he or she makes an election to that effect. See *Sherwin-Williams Co. v. Escuadra*, 224 Ga. App. 894, 896 (482 SE2d 505) (1997). Because Samples not only failed to elect, under OCGA § 34-9-2.2, to be included as an employee of his company but expressly elected to be exempt from such an inclusion, he cannot claim under OCGA § 34-9-8 (a) to be an employee injured while employed by his company in its capacity as a subcontractor of Fisher. "[A] sole-proprietor subcontractor should not ordinarily be considered both employer and employee for purposes of OCGA § 34-9-8's statutory employer provisions." Id.

Samples contends, however, that Fisher is barred by the provisions of OCGA § 34-9-124 (b) from asserting that Samples is not covered by the workers' compensation insurance policy issued to Fisher. We are not persuaded by this argument. When Samples did not elect to be included as an employee of his own company to obtain coverage under his company's workers' compensation insurance policy, he remained in the status of owner and employer. Fisher and its insurer are not barred from asserting Samples's actual business status because the language of OCGA § 34-9-124 (b) pertaining to " 'employees ordinarily exempt from its provisions' " does not apply to an employer. *King v. James King Cleaners &c.*, 199 Ga. App. 796, 797 (405 SE2d 909) (1991).

Samples's reliance on *Hill-Harmon Pulpwood Co. v. Walker*, 237 Ga. 736 (229 SE2d 607) (1976); *Walker v. Hill-Harmon Pulpwood Co.*, 138 Ga. App. 282 (226 SE2d 86) (1976); and *Ga. Cas. &c. Co. v. Rainwater*, 132 Ga. App. 170 (207 SE2d 610) (1974), is misplaced. These cases were decided prior to the enactment of OCGA § 34-9-2.2 in 1984 and are not controlling in the disposition of this case. We also note that the workers' compensation policy issued to Fisher was not introduced at the administrative hearing, and we therefore cannot determine with certainty whether the terms of this policy are substantially similar, both in coverage and as to exclusions, to those policies in the cases relied upon by Samples. Fisher therefore was not estopped from asserting its defense, and the superior court erred in

reversing the decision of the appellate division that Samples was not entitled to benefits.

*Judgment reversed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 6, 1999 — CERT. APPLIED FOR.

*Donahue, Hoey, Rawls & Skedsvold, Daniel E. Cohen*, for appellants.

*Smith, Wallis & Scott, Kenneth A. Smith, James W. Wallis, Jr., Van C. Wilks*, for appellee.