43264. HANEY v. PACIFIC EMPLOYERS INSURANCE COMPANY et al.

JORDAN, Presiding Judge. Where, in a workmen's compensation case, subsequent to an approved agreement providing for maximum weekly payments for total disability for a back injury, the insurer and employer seek to avoid continued payments by showing a change in condition and an offer of employment suitable to the impaired condition of the claimant, a finding of fact by the full board that the insurer and employer have failed to show a change in condition, if supported by any evidence, is controlling, and authorizes the award of the board directing the further payment of compensation within statutory limits, even though such a finding may appear to be inconsistent with other findings seemingly recognizing some capacity to engage in suitable sedentary work, the board having also found there was no offer in good faith by the employer of such work. In general when such incon-

sistencies appear this court will adopt that reasonable construction which will render an award valid. See *Royal Indemnity Co. v. Manley*, 115 Ga. App. 259, 260 (154 SE2d 278). In the present case the board had before it the testimony of the claimant that she had not recovered, while the. opinion of her physician and the impressions from observation of the claimant at two hearings by a hearing director were to the contrary. Under such evidence, the board was free to resolve the conflict in favor of the claimant. Findings of fact by the board supported by any evidence are conclusive and binding on the courts on appeal (*Wood v. Aetna Cas. &c. Co.*, 116 Ga. App. 284, 290 (157 SE2d 60)) and in the absence of any error in the record for any of the reasons stated in *Code* § 114-710, the superior court has no authority to sustain an appeal of the insurer and employer and remand the controversy to the board for further proceedings. See *Maczko v. Employers Mut. Liab. Ins. Co.*, 116 Ga. App. 247, 249 (157 SE2d 44). Accordingly, under the circumstances shown in the present case the superior court erred in sustaining the appeal.

*Judgment reversed. Pannell and Deen, JJ., concur.*

ARGUED JANUARY 5, 1968—DECIDED JANUARY 23, 1968—
REHEARING DENIED FEBRUARY 12, 1968.

*Albert P. Feldman, Thomas H. Antonion*, for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White*, for appellees.