70584. KEENAN v. JACKSON & KEENAN CONSTRUCTION
COMPANY et al.
(334 SE2d 329)

DEEN, Presiding Judge.

Appellant/claimant Keenan, part owner of a small construction and remodeling firm, sustained a back injury in September 1982 while unloading sheetrock and bundles of roofing shingles. He was aware of pain at the time, but attempted to ignore it and continued about his business. Finding himself unable to stand or walk the next morning, a Sunday, he attempted unsuccessfully to summon physicians from the clinic listed on the company bulletin board as an approved "panel of physicians," pursuant to OCGA § 34-9-201. Unable to reach a physician who would come to his home, he contacted a chiropractor, a Dr. Marion, whom he had consulted for a dislocated shoulder approximately two years previously in an accident unrelated to his employment. Dr. Marion came to Keenan's home and thereafter embarked on a course of treatment, from time to time referring him to other chiropractors and also to medical doctors specializing in orthopedic medicine, the referrals being for the purpose of examination or treatment of Keenan's pain and discomfort. Dr. Marion ultimately referred Keenan to a psychiatrist for treatment of the depression and other emotional problems which had developed subsequent to the back injury.

In the meanwhile, for nearly two years, appellant received workers' compensation benefits of $133.34 weekly and had the bills of his examining and treating physicians paid by employer's insurer. The employer/insurer declined, however, to pay the bills from the psychiatrist and from the hospital where the psychiatrist twice had claimant confined. The employer/insurer then filed for a hearing on two issues: whether claimant had undergone a change of condition for the better, and whether claimant's bills for psychiatric treatment were compensable. The administrative law judge (ALJ) found on February 14, 1984, that the employer/insurer had failed to carry its burden of showing a change of condition and also that the challenged medical bills were compensable under workers' compensation. She ordered that these and other medical bills, which she had determined to be reasonable and causally related, should be paid by employer/insurer, and that weekly benefits should be continued.

Employer/insurer then appealed to the full Board of Workers' Compensation, as provided in OCGA § 34-9-103. On April 25, 1984, the Board adopted the findings and conclusions of the ALJ and affirmed the award. The Board's award did not address the issue, raised by employer/insurer in the brief submitted in support of its appeal to the full Board, of whether Keenan, as part owner of the business, was entitled to workers' compensation benefits. Employer/insurer then

appealed to the Fulton County Superior Court, as provided in OCGA § 34-9-105 (b), enumerating all the statutory grounds (OCGA § 34-9-105 (c)) save fraud. In its brief in support of the appeal, employer/insurer again raised the issue of Keenan's eligibility for benefits. On September 12, 1984, the superior court ordered the case remanded to the Board for the taking of additional evidence regarding appellant's status as an employee, as well as "any possible estoppel against the insurer" based on that issue. In its order the court cited *Denis Aerial Ag-Plicators v. Swift*, 154 Ga. App. 742 (269 SE2d 890) (1980), which had been cited in appellee's briefs in support of its appeals to the Board and to the superior court.

Keenan applied for a discretionary appeal, which this court granted. He enumerates as error the superior court's ordering the case remanded to the Board on the grounds cited in the order, supra. *Held*:

It is well settled under relevant Georgia law that an insurer or employer which has accepted workers' compensation premiums from an individual as an "employee," through the withholding of such premiums from that person's paycheck, is estopped to deny coverage of such individual. OCGA § 34-9-124; *Hill-Harmon Pulpwood Co. v. Walker*, 237 Ga. 736 (229 SE2d 607) (1976); *Tindell v. Ins. Co. of North America*, 151 Ga. App. 388 (259 SE2d 746) (1979); *Gulf American Fire &c. Co. v. Taylor*, 150 Ga. App. 179 (257 SE2d 44) (1979). Even *Denis v. Aerial Ag-Plicators v. Swift*, supra, which is cited by appellee and in the order of the superior court, expressly rejects any such reading as appellee urges. In reversing the judgment in *Denis*, this court, at p. 743 of the opinion, explicitly states that *Pasler v. Maryland Cas. Co.*, 97 Ga. App. 263 (103 SE2d 90) (1958), on which appellant had relied in *Denis*, did not "hold or even imply such a result [as that urged by appellee here]; it [*Pasler*] withheld any [other] determination as unnecessary, because the insurer had insured the claimant as an employee and therefore under [OCGA § 34-9-124] was estopped to deny coverage." The facts of the instant case bring it squarely within the coverage of *Hill-Harmon Pulpwood Co.*, supra, and its progeny, and appellant's status as employee *vel non* is simply not an issue which an appellate court may properly review.

In the absence of fraud or of the application of an erroneous legal theory, the courts are bound by the findings of the Board of Workers' Compensation when supported by any competent evidence. OCGA § 34-9-105; *Haney v. Pacific Employers Ins. Co.*, 117 Ga. App. 221 (160 SE2d 211) (1968). There is no indication here either of fraud or of an error of law.

The superior court erred in remanding this case to the Board of Workers' Compensation for the taking of evidence on the stated issues.

*Judgment reversed. Pope and Beasley, JJ., concur.*

Decided September 3, 1985.

E. *Neal Little, Jr.*, for appellant.
A. *Cullen Hammond*, for appellees.