76463. HORIZON INDUSTRIES, INC. et al. v. CARTER.
(372 SE2d 301)

SOGNIER, Judge.

Agnes M. Carter was injured during the course of her employment at Horizon Industries, Inc., and was awarded benefits pursuant to both OCGA § 34-9-261 (temporary total benefits) and OCGA § 34-9-263 (permanent partial injury benefits) of the Workers' Compensation Act, OCGA § 34-9-1 et seq. Carter initiated the instant claim asserting that Horizon Industries and its insurer, CNA Insurance Company, had failed to pay her the full sum of the § 263 benefits to which she was entitled before they suspended payment in May 1986. The administrative law judge agreed with Carter that she had been underpaid by $1,336.50 and entered an award in her favor for that sum, various penalty amounts, attorney fees, and also a $500 fine, payable to the State Board of Workers' Compensation, "for [the employer/insurer's] violation of Board Rule 108." The Board, after a de novo consideration of the evidence, struck one of the legal grounds for

the ALJ's order, and made the ALJ's findings and conclusions its own with the exception of amending the $500 "fine" to reflect " 'costs' of $500 pursuant to Board Rule 108 (b) (4)." The superior court affirmed the Board's order and we granted the application for discretionary appeal made by the employer/insurer.

Appellants contend the superior court erred by affirming the Board's award, asserting that because the evidence established that payment of benefits to appellee was halted only when the total payments she received exceeded the entire "lump sum" amount she had been awarded, they were entitled pursuant to OCGA § 34-9-243 to offset against appellee's § 263 benefits the overpayment they had made to appellee on her § 261 benefits. Our grant of appellants' application for discretionary appeal was premised on appellants' contention that the Board and ALJ had erroneously failed to apply OCGA § 34-9-243, which provides that "[t]he payment of any weekly benefit made during an employee's disability or to any dependent, which payment was made when not due, shall be credited against any payments of weekly benefits due by either reducing the period for which compensation is due or by reducing the amount of the weekly benefit or both." However, our review of the record reveals that the refusal by the Board and ALJ to credit appellants with their alleged overpayments was not the result of any failure to apply OCGA § 34-9-243 as a matter of law but instead was based on their finding as a matter of fact that appellants had failed to prove entitlement to such an offset. Thus, since the award was not based upon an erroneous legal theory, our review of this appeal will be based on a determination whether there was "any evidence" to support the Board's finding that appellants had failed to demonstrate that an overpayment had been made. See generally *Keenan v. Jackson & Keenan Constr. Co.*, 175 Ga. App. 730, 731 (334 SE2d 329) (1985).

In support of her claim during the hearing before the ALJ, appellee introduced the checks she had received from appellants in payment of her § 263 benefits which, when totalled, were $1,336.50 less than the amount of § 263 benefits awarded to her. Appellee also introduced the forms appellants filed before the Board, including several WC-4 "case progress" forms with conflicting notations and jottings as to overpayments of inconsistent amounts in regard to unspecified benefits, as well as both the WC-2 form appellants filed in May 1986 shortly after appellee returned to work and the WC-2 form appellants filed in January 1986 at the commencement of appellee's § 263 benefits, neither of which reflect any claim of overpayment by appellants. Appellants presented no documentation of the amount they claim they overpaid appellee, relying solely on testimony by Vergil Shubart, a claims adjuster for appellant CNA Insurance, that appellants had indeed overpaid appellee by $175.50, a sum different from any other

amount claimed in the forms filed by appellants. The evidence thus was in conflict whether appellants overpaid appellee's § 261 benefits so as to be entitled to offset the overpayment against appellee's § 263 benefits.

"The ALJ and full board 'as factfinders have exclusive prerogative of weighing evidence, including determinations of credibility of witnesses; the courts on appeal are bound by findings if supported by any evidence . . . . (I)n arriving at the truth, (they) may apply all of the rules of law with reference to the credibility of the witnesses testifying, their intelligence, their means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest, and their personal credibility so far as the same legitimately appears from the trial.' [Cit.]" *Handcrafted Furn. v. Black*, 182 Ga. App. 115, 117 (2) (354 SE2d 696) (1987). Thus, " 'where there is conflicting evidence, then the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. [Cit.]' [Cit.]" *Galmon v. Seabreeze Mfg. Co.*, 181 Ga. App. 132, 133 (351 SE2d 521) (1986).

Therefore, because there is some evidence to support the Board's award, we affirm the superior court's ruling. Since appellants' final enumeration contending error in the award of penalties and attorney fees was predicated upon their contention that the award of § 263 benefits was erroneous, our holding above renders it unnecessary to address that enumeration.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Walter J. Matthews*, for appellants.
*Thomas M. Finn*, for appellee.