A89A1368. SELFRIDGE v. MORRISON CAFETERIA COMPANY.
(385 SE2d 137)

DEEN, Presiding Judge.

This court granted Frances Selfridge's application for a discretionary appeal to review a decision of the superior court reversing an award of the State Board of Workers' Compensation.

The Administrative Law Judge found that on August 21, 1983, appellant suffered a heart attack during an armed robbery at her place of employment. On May 7, 1987, she suffered a stroke and incurred certain medical expenses for which she filed a claim for workers' compensation. The ALJ found a causal relationship between the heart condition and the stroke. This award was appealed to the Full Board, which affirmed except for the award of attorney fees, which was stricken. On appeal, the superior court held that it was reversing the award because of inconsistencies in the deposition testimony of Mrs. Selfridge's treating physician, and that there was insufficient evidence in the record to support the award and facts as found by the Board. *Held*:

1. A finding of fact by an ALJ and the Full Board, "when supported by any evidence, [is] conclusive and binding. [Cit.] The superior court is not authorized to substitute its judgment for that of the Full Board. [Cit.] The superior court is authorized to reverse an award of the Full Board only when there is plain error of fact or an

error purely of law. [Cit.]" *Dept. of Public Safety v. Boatright*, 188 Ga. App. 612, 614 (373 SE2d 770) (1988). Where the evidence is conflicting, " ' "the resolution of discrepancies and the determination of witnesses' credibility is ordinarily for the ALJ or the Board as finders of fact. [Cits.]" ' " *Horizon Indus. v. Carter*, 188 Ga. App. 194, 196 (372 SE2d 301) (1988).

Mrs. Selfridge's cardiologist, who is her regular treating physician, testified that her stroke resulted from her preexisting heart condition. He believed the source for the embolus which caused her stroke to be a thrombus attached to the wall of her heart, which was discovered by a previous heart catherization. He testified that the embolus which caused the stroke could have come from either her heart or her carotid arteries, but that studies of her carotid arteries showed no significant source for an embolus. He therefore concluded that the embolus most likely arose from the heart.

Applying the "any evidence" rule to this case, we find that it must be reversed.

2. Appellee has filed a motion in this court to remand this case, after a decision on the merits has been reached, for a hearing on appellant's motion to proceed in *forma pauperis* contending that the motion was filed and ruled upon on April 3, 1989, and that it had no opportunity to respond in opposition.

OCGA § 5-6-38 provides that appellee "may institute cross-appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant, and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him." As appellee has not filed a cross-appeal this matter is not properly before this court.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 25, 1989 —

*Charles E. Muskett*, for appellant.
*Savell & Williams, Benjamin H. Terry, Jennifer H. Chapin*, for appellee.