**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 3, 2026**

# In the Court of Appeals of Georgia

A25A2200. FRANKLIN v. NORMAN.

WATKINS, Judge.

Jane Norman, plaintiff in the case below, is an independent nurse consultant who was hired to serve as an expert witness for the husband in a divorce proceeding. Kathryn Taylor Franklin represented the wife in that proceeding. Franklin subpoenaed Norman to trial, and following her appearance, Norman invoiced Franklin. After Franklin refused to pay the invoice, Norman filed suit against Franklin, and Franklin counterclaimed for quadruple damages against Norman pursuant to OCGA § 24-13-4. Following a bench trial, the trial court dismissed Norman's complaint, finding that she was not entitled to the compensation she sought. The trial court refused, however, to award quadruple damages to Franklin

because it found that Norman did not act in bad faith when seeking the fees. Franklin timely appealed, but Norman did not file a cross-appeal from adverse rulings against her.[1] For the reasons contained herein, we hold that the trial court erred in failing to impose quadruple damages against Norman, and we vacate that part of the trial court's order with direction.

"On an appeal from an entry of judgment following a bench trial, we apply a de novo standard of review to any questions of law decided by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them."[2]

So viewed, the record shows that Norman is an independent nurse consultant who was retained by Franklin's opposing counsel to develop a cost projection and life care plan for the husband in a divorce proceeding. The husband's attorney subpoenaed Norman for trial, but placed Norman on call because she did not know when Norman's testimony would be needed during the trial. Franklin, the wife's

---

[1] In addition to finding that Norman was not entitled to the fees she sought, the trial court also imposed attorney fees against Norman pursuant to OCGA § 9-15-14 (b). These fees are not at issue in this appeal.

[2] *Sanders v. TD Auto Fin.*, LLC, 366 Ga. App. 376, 378 (883 SE2d 53) (2023) (citation and punctuation omitted).

attorney, who testified she did not know the husband's attorney had already subpoenaed Norman, also served Norman with a subpoena. Attached to Franklin's subpoena was an exhibit instructing Norman to produce various documents at trial. Norman appeared at trial, but the case settled and she was never called to testify.

After the trial, Norman invoiced Franklin for $1,980 for "trial time" and "travel time appearance[.]" Franklin refused to pay the invoice on the ground that Norman was only entitled to statutory witness fees. Franklin tendered to Norman a check for $70, which represented payment of a $25 witness fee plus mileage for Norman to travel to the courthouse. Norman ultimately filed suit against Franklin.

Franklin answered, counterclaimed, and filed a motion to dismiss Norman's complaint. Franklin's counterclaim relied upon OCGA § 24-13-4 to allege that Norman was not entitled to the fees sought, that she had forfeited entitlement to any fees at all, and that Norman owed Franklin four times the amount Norman had unjustly claimed against Franklin in Norman's invoice. After Franklin filed her motion to dismiss, and roughly seven months after Norman's initial invoice, Norman amended her invoice. The amended invoice sought $4,220.70, including travel and appearance time, as well as recovery for 12.3 hours of trial preparation. Franklin

amended her counterclaim to reflect the new amount of fees claimed by Norman which she alleged would form the basis for quadruple damages.

Following a bench trial and additional briefing, the trial court granted Franklin's motion to dismiss Norman's claims. The trial court found that Norman had no contract with Franklin to provide services and that she was required to comply with a valid subpoena just as any other witness would. The court further found that Norman was not entitled to claim any fees other than the daily witness fee and mileage fee provided for in OCGA § 24-13-25.[3]

With regard to Norman's defense to Franklin's counterclaim, the trial court did not consider cases permitting witnesses to seek additional compensation if a subpoena requires the witness to conduct preliminary review or preparation in advance of

---

[3]     [T]he witness fee shall be $25.00 per diem, and execution shall be issued by the clerk upon affidavit of the witness to enforce payment thereof. The payment of witness fees shall not be demanded as a condition precedent to attendance; but, when a witness resides outside the county where the testimony is to be given, service of the subpoena, to be valid, shall be accompanied by tender of the witness fee for one day's attendance plus mileage of 45¢ per mile for traveling expenses for going from and returning to his or her place of residence by the nearest practical route.

OCGA § 24-13-25.

testifying,[4] noting that any trial preparation Norman did was in response to the subpoena served on her by the attorney who hired her. The trial court refused to award quadruple damages, however, because it found that Norman did not seek this extra compensation "based on bad faith, avarice[,] or rapacity," and that as someone who acted in good faith, Norman should not be subjected to the statute's "punitive effects." Franklin timely appealed, but Norman did not cross-appeal.

1. Franklin contends that the trial court erred in finding a "good faith" exception to the applicability of the penalty contained in OCGA § 24-13-4. Given the plain language of the statute, we agree.

Pursuant to OCGA § 24-13-4, "[a] witness who claims more than is due to such witness shall forfeit all witness fees and shall pay to the injured party, in addition thereto, four times the amount so unjustly claimed." Here, the trial court found that Norman was not entitled to seek any compensation beyond statutory fees provided in

---

[4] See, e.g., *Schofield v. Little*, 2 Ga. App. 286, 287 (58 SE 666) (1907); see also *Kent v. Brown*, 238 Ga. App. 607, 609 (1) (518 SE2d 737) (1999) (overruled on other grounds by *Styles v. State*, 245 Ga. App. 90 (537 SE2d 377) (2000)) ("In this case, however, [the expert] was asked to conduct a preliminary review of evidence in order to better give his opinion as an expert. Thus he was entitled to demand extra compensation for attendance in court pursuant to the subpoena[.]").

OCGA § 24-13-25, and the court dismissed Norman's complaint. Norman did not file a cross-appeal of this adverse ruling.

OCGA § 5–6–38 (a) provides that an "appellee may institute [a] cross-appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant, and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting [her.]" Given that Norman did not appeal the trial court's ruling that she claimed fees to which she was not entitled, we cannot review that decision.[5]

Because that is the law of the case, we now must turn to whether Franklin was entitled to quadruple damages. "When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning[.]"[6] We agree with Franklin that if a witness is found to have "claim[ed] more than is due to such witness[,]" the plain language of the statute does not contain any provision for a

---

[5] See *Selfridge v. Morrison Cafeteria Co.*, 192 Ga. App. 469 (2) (385 SE2d 137) (1989).

[6] *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted).

"good faith" exception to the imposition of quadruple damages. We recognize that this is a harsh result, but it is the penalty the General Assembly imposed in such a circumstance. We therefore hold that, having found that OCGA § 24-13-4 applied, the trial court erred in refusing to impose quadruple damages pursuant to Franklin's counterclaim.

2. In light of our holding in Division 1, we need not address the remaining claim of error.

The portion of the trial court's order denying quadruple damages is vacated and the trial court is instructed to enter judgment against Norman for quadruple damages pursuant to OCGA § 24-13-4.[7]

*Judgment vacated in part and case remanded with direction. Brown, C. J., and Barnes, P. J., concur.*

---

[7] The portion of the trial court's order regarding attorney fees owed by Norman was unappealed and remains intact.